IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JULIO CESAR COLL CLAVEL,

Petitioner,

v. No. 2:26-cv-02504-KG-LF

MARY DE ANDA-YBARRA, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Julio Cesar Coll Clavel's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 7. Petitioner proceeds pro se. Doc. 1 at 1. For the reasons below, the Court denies the petition.

***I. Background***

Petitioner, a native and citizen of Venezuela, entered the United States in 2017 on a B2 visa. *Id.* at 6. He has no criminal record. *Id.* at 6–7.

On June 17, 2026, local law enforcement arrested Petitioner and transferred him to Immigration and Customs Enforcement ("ICE") custody. *Id.* He remains detained at Otero County Processing Center in New Mexico. *Id.* at 8.

On July 16, 2026, an immigration judge denied Petitioner's request for bond. *Id.* at 21. The written order stated: "Flight risk – Speculative form of relief." *Id.*

Petitioner argues that his continued detention without access to an individualized custody re-determination hearing violates the Due Process Clause of the Fifth Amendment. *Id.* at 11. He also argues that his detention violates the Immigration and Nationality Act ("INA"). *Id.* at 11–13. Finally, he claims that his arrest violated the Fourth Amendment's protection from unreasonable search and seizure. *Id.* at 9.

## *II. Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

## *III. Analysis*

As an initial matter, § 1226 governs Petitioner's detention. Petitioner has lived in the United States for years and was not arrested at a port of entry or near the border. Doc. 1 at 7. He therefore was not seeking admission at the time of his arrest.

The Court nonetheless declines to grant relief because Petitioner received the bond hearing to which he was entitled. At that hearing, the immigration judge found that Petitioner failed to carry his burden of demonstrating that he is not a flight risk. *Id.* at 21. That finding alone satisfies the requirements of § 1226 and supports Petitioner's continued detention.

The Court likewise rejects Petitioner's Fourth Amendment argument. Even assuming Petitioner was arrested without a warrant, the Fourth Amendment does not entitle him to release from custody on that basis. The Supreme Court has squarely held, in the immigration context, that “[t]he ‘body’ or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred.” *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Because an unlawful arrest does not deprive the government of the ability to proceed against Petitioner or to hold him in custody pending removal proceedings, the alleged Fourth Amendment violation provides no basis for release here.

Finally, the Court is sympathetic to Petitioner’s claims about poor detention conditions. *See* Doc. 1 at 8. However, such a challenge is properly brought through a civil rights action, rather than a habeas petition. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000)). The Court therefore lacks jurisdiction to address Petitioner’s allegation’s here.

## *IV. Conclusion*

For the reasons above, Court denies the Petition, Doc. 1.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court’s PACER public access system.